# UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL GRID TAX
GROSS-UP ADDER LITIGATION					MDL No. 3070

### ORDER DENYING TRANSFER

**Before the Panel**: Plaintiffs in all actions move under 28 U.S.C. § 1407 to centralize this litigation in the District of Rhode Island. This litigation consists of three actions pending in three districts, as listed on Schedule A. Defendants oppose the motion.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. The Panel repeatedly has explained that "where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization." *In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Proponents of centralization have failed to carry that burden here. Plaintiffs allege in these actions that defendant utilities acted in bad faith and imposed an unlawful charge on plaintiff independent solar power generators that they wrongly claim is required to compensate them for a purported federal tax liability. The actions share common factual and legal questions stemming from these allegations, which are nearly identical among the complaints. But given that just three actions are pending, and all plaintiffs are represented by common counsel, the common factual questions do not appear sufficiently complex or numerous to justify creating an MDL here. Informal coordination should be possible to avoid unnecessary duplication of effort. *See In re Convergent Outsourcing, Inc. Fair Debt Collection Practices Act (FDCPA) Litig.*, 84 F. Supp. 3d 1369, 1370-71 (J.P.M.L. 2015) (denying centralization of six actions where the issues were not complex and "voluntary cooperation and coordination among the parties and the involved courts seems a feasible alternative to centralization").

We have held that Section 1407 centralization "should be the last solution after considered review of all other options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Those options include cooperation and coordination among the parties and the involved courts to avoid duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004). This litigation is in its nascent stages, and movants have not demonstrated consideration of alternatives to centralization.

- 2 -

Finally, there are motions to dismiss pending in each action, and defendants argue that their resolution could eliminate the multidistrict character of the litigation. While we do not judge the merits of these motions, with such a small number of cases pending, "some reasonable prospect exists that the multidistrict character of this litigation could be resolved through resolution of" these pending motions. *In re Gerber Probiotic Prods. Liab., Mktg., & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton     Matthew F. Kennelly
David C. Norton         Roger T. Benitez
Dale A. Kimball         Madeline Cox Arleo

IN RE: NATIONAL GRID TAX
GROSS-UP ADDER LITIGATION  MDL No. 3070

## SCHEDULE A

<u>District of Massachusetts</u>

TYNGSBORO SPORTS II, LLC, ET AL. v. NATIONAL GRID USA
 SERVICE COMPANY, INC., ET AL., C.A. No. 1:22−11791

<u>Northern District of New York</u>

SUNVESTMENT ENERGY GROUP NY 64, LLC, ET AL. v. NATIONAL GRID
 USA SERVICES CO., INC., ET AL., C.A. No. 5:22−01085

<u>District of Rhode Island</u>

ACP LAND, LLC, ET AL. v. NATIONAL GRID PLC, ET AL., C.A. No. 1:21−00316